**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

**GEORGE R. LEACH,**

      **Plaintiff,**

**v.**                                                                                       **Civil Action No. 4:06cv155**

**MICHAEL STEPHEN SMITH,**

**JAMES L. SIMMONS,**

**MARLENE L. SIMMONS,**

**and**

**VIRGINIA STATE BAR,**

      **Defendants.**

## <u>ORDER AND OPINION</u>

The matter is before the court on defendants James and Marlene Simmons's ("the Simmonses") and Virginia State Bar's ("the Bar") Motions to Dismiss for failure to state a claim for which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6).  After examination of the briefs and the record, this court determines that oral argument is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument.  For the reasons stated herein, the court **GRANTS** both the Simmonses' and the Bar's motions to dismiss.  Further, the court <u>sua sponte</u> **DISMISSES** the claim against defendant Michael Smith for failure to state a claim for which relief can be granted.

1

I.  Factual and Procedural Background

The plaintiff, George Leach, formerly represented the Simmonses' son, Stephan, in an action brought against defendant Michael Smith.  Those proceedings were stayed when Smith filed for bankruptcy relief in the U.S. Bankruptcy Court for the Eastern District of Virginia.  The Bankruptcy Court, on August 9, 1995, issued a non-dischargeable judgment against Smith for a total of $32,790.00.  Memorandum Opinion and Order, Exhibit C to Response Brief, at 7-8.  This judgment resulted in, inter alia, Stephan Simmons obtaining a lien against certain real property held by Smith in King and Queen County, Virginia.

The plaintiff, on Stephan Simmons's behalf, filed a creditor's bill in equity in King and Queen County in an effort to have Smith's real property located therein sold to satisfy the judgment.  Prior to the sale, Stephan Simmons passed away intestate, and his sole heirs at law were his parents, the Simmonses.  At the resulting sale, the plaintiff purchased the property and financed his purchase with borrowed money while failing to disclose that his client was deceased.  The funds received by the plaintiff from King and Queen County were then paid by the plaintiff to the lender.  In 1999, the plaintiff deeded the property to the lender as trustee in order to avoid a lien against the property by the Commonwealth of Virginia as a result of some outstanding medical bills he owed.  Several years passed and the property remained unsold, but in 2002 the plaintiff believed he had found a buyer.

He contacted the Simmonses to inform them of the pending sale of the property and a garnishment that he had filed against Smith's wages.  The Simmonses did not appear at the May 23, 2002 garnishment hearing, but did submit to the Circuit Court for the City of Williamsburg and the County of James City a letter that they purportedly sent to the plaintiff demanding

2

information about the money due to Stephan Simmons's estate and insisting that the plaintiff cease representing to be their attorney.  As a result of the letter and testimony of Smith at the hearing, the plaintiff was brought before the Bar's Disciplinary Board, which revoked the plaintiff's license to practice law based on clear and convincing evidence of certain violations of disciplinary rules.

In response, the plaintiff filed suit against the Simmonses and Smith, alleging that they had conspired to deprive him of the funds he was due from the sale of the property as payment for his representation of Stephan Simmons.  At trial on that issue, the court ruled in favor of the defendants, denying the plaintiff's claims on all counts.  <u>See</u> Exhibit 7 to Brief in Support.  The plaintiff petitioned the Supreme Court of Virginia for an appeal, but that was denied on April 11, 2006.  He then requested rehearing, which was also denied.

The plaintiff, <u>pro se</u>, filed the instant action in this court on December 22, 2006, claiming that the defendants had conspired to deny him the right to continue to practice law in the Commonwealth, a right in which he held a property interest, in violation of 42 U.S.C. § 1983.  The Simmonses filed a motion to dismiss on March 27, 2007, claiming that the case should be dismissed because it is barred by the applicable statute of limitations, because the plaintiff fails to allege that the Simmonses acted under color of state law, and because the claim is barred by the doctrine of <u>res judicata</u>.  The Simmonses filed the required <u>Roseboro</u> notice on March 30, 2007.  The plaintiff filed a response brief on April 18, 2007.  The Simmonses have not filed a reply, and the time in which to file has now passed.

The Bar filed its motion to dismiss on May 3, 2007, claiming that it has Eleventh Amendment immunity from suits brought under section 1983, and that regardless the claim is

3

barred by collateral estoppel and the applicable statute of limitations.  The Bar filed the required

<u>Roseboro</u> notice on May 3, 2007.  The plaintiff responded to the motion on May 22, 2007.  The

Bar did not file a reply, and indicated to the court by letter dated May 29 that it did not intend to

file one.  The matter is therefore ripe for consideration.  Although the Simmonses and the Bar

filed separate motions to dismiss, they raise similar issues, and the court believes it expedient to

deal with them jointly.

II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to request dismissal of the

claims against him if the plaintiff has filed a claim upon which relief cannot be granted.  FED. R.

CIV. P. 12(b)(6). In assessing a  motion to dismiss for failure to state a claim upon which relief

can be granted, "a count should be dismissed only where it appears beyond a reasonable doubt

that recovery would be impossible under any set of facts which could be proven."  <u>America</u>

<u>Online, Inc. v. GreatDeals.Net</u>, 49 F. Supp. 2d  851, 854 (E.D. Va. 1999).  The court must

"assume the truth of all facts alleged in the complaint and the existence of any fact that can be

proved, consistent with the complaint's allegations."  <u>Eastern Shore Markets, Inc. v. J.D.</u>

<u>Associates Ltd.</u>, 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted).

While the court must take the facts in the light most favorable to the plaintiff, the court is

not bound with respect to the complaint's legal conclusions.  <u>See</u> <u>Schatz v. Rosenberg</u>, 943 F.2d

485, 489 (4th Cir. 1991).  Dismissal pursuant to Rule 12(b)(6) is appropriate when upon

considering the facts set forth in the complaint as true and construing the facts in the light most

favorable to the non-moving party, there is no basis on which relief can be granted.  <u>See</u> <u>Scheuer</u>

<u>v. Rhodes</u>, 416 U.S. 232, 236 (1974).  Dismissal should not be granted unless the moving party

can demonstrate that no set of allegations will support the complaint.  Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083 (4th Cir. 1979).

III.  Analysis

A.  Statute of Limitations

The plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides for liability of those acting under color of state law who deprive someone of their constitutionally-guaranteed rights.  The statute itself contains no statute of limitations, and therefore federal courts are to apply state law time limitations when considering section 1983 claims.  Burnett v. Grattan, 468 U.S. 42 (1984); Cox v. Stanton, 529 F.2d 47 (4th Cir. 1975).  In Virginia, the appropriate statute of limitations is two years for actions for personal injuries.  See Va. Code Ann. § 8.01-243(A).  When the statute begins to run, however, depends on the accrual of a civil rights action, which is a question of federal law.  Cox, 529 F.2d at 50.  Under federal law, a plaintiff's right to sue under a civil rights statute accrues when he "knows or has reason to know of the injury which is the basis for the action."  Id.

Here, the plaintiff alleges injury as the result of certain conduct by the Simmonses and the Bar in the spring of 2002, more than four years prior to the filing of this complaint.  Even considering the date on which his law license was revoked, August 21, 2003, as the date of accrual of injury, the plaintiff still waited more than three years to file the instant claim.  His claim is therefore barred by Virginia's two-year statute of limitations, and must be dismissed. See also Clay v. LaParta, 815 F.Supp. 911, 913 (E.D. Va. 1993).  Although the plaintiff argues that the cause of action should be five years because the underlying facts involve depriving

someone of a property interest, the Fourth Circuit has indicated that "personal injuries transcending contract rights" are required in order to state a section 1983 claim, and therefore the actions are most closely akin to personal injury actions.  McCausland v. Macon County Bd. of Ed., 649 F.2d 278, 279 (4th Cir. 1981).  See also United Steelworkers of America, AFL-CIO-CLC v. Dalton, 544 F.Supp. 291, 297 (E.D. Va. 1982) (applying two-year personal injury statute of limitations where the underlying action, for malicious prosecution, ordinarily is subject to a one-year period).  Thus, the plaintiff's claim against the Simmonses and the Bar is dismissed.

B.  Eleventh Amendment

The plaintiff has brought this action under the auspices of 42 U.S.C. § 1983, which provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.  The Board of Visitors is not a "person" for the purposes of section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  See also Howlett ex rel. Howlett v. Rose, 496 U.S. 356, 365 (1990) ("[T]he State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court.").  It is clear that the Bar is an arm of the state and therefore immune from suit by virtue of the Eleventh Amendment.[1]  See, e.g., Va. Code Ann. § 54.1-3910 ("The Virginia State

---

[1]The Eleventh Amendment provides: "The Judicial powers of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. amend XI.  Although its terms do not explicitly prohibit a suit by an individual against his own state, the Supreme Court has consistently held that immunity extends in that

Bar shall act as an administrative agency of the [Supreme] Court [of Virginia.]").  Therefore, the

plaintiff's action against the Bar is barred by the Eleventh Amendment, and subject to dismissal

under Rule 12(b)(6).

C.  Failure to State a Valid § 1983 Claim

The Simmonses further assert that the plaintiff's claim, brought under the auspices of 42

U.S.C. § 1983, fails to allege that the Simmonses acted under color of state law.  That statute

provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of
> any State . . . , subjects, or causes to be subjected, any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.  As the Fourth Circuit has explained, "[t]o implicate 42 U.S.C. § 1983,

conduct must be 'fairly attributable to the State.'"  DeBauche v. Trani, 191 F.3d 499, 506 (4th

Cir. 1999) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).  Therefore, the

actions of a private actor "will generally not be deemed 'state action' unless the state has so

dominated such activity as to convert it into state action."  Id.  A mere allegation that both State

and non-State actors were joint participants in some action, without more, will not subject the

private actors to the requirements of the Fourteenth Amendment.  Id.

In DeBauche, the Fourth Circuit laid out the "four exclusive circumstances" under which

a private party could be deemed a state actor for the purposes of section 1983:

> (1) when the state has coerced the private actor to commit an act that would be
> unconstitutional if done by the state; (2) when the state has sought to evade a clear
> constitutional duty through delegation to a private actor; (3) when the state has delegated

---

circumstance.  See, e.g., Hans v. Louisiana, 134 U.S. 1 (1890).

a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.

Id.

Applying this standard to the facts of the instant case, it is clear that the plaintiff has failed to allege sufficient facts to demonstrate that the Simmonses can be considered state actors, and therefore subject to suit under section 1983.  Of the few allegations of the complaint actually directed toward the Simmonses, none of them assert that the state coerced them to commit an unconstitutional act or sought to evade a constitutional duty by delegating some action to them. Further, none of the plaintiff's allegations against the Simmonses involve the state delegating a public function to them, or enforcing the right of the Simmonses by an unconstitutional act. Although the plaintiff asserts in his response brief that the "state action" undertaken by the Simmonses involved conspiring with Judge Samuel Powell, his complaint makes no such claim.[2] Instead, he accuses the Simmonses and Smith of "colluding to deprive the plaintiff of anything he was entitled to."  Complaint at ¶ 75.  However, private citizens "colluding" with each other does not implicate any of the factors enumerated by the Fourth Circuit as constituting "state action."   Further, the plaintiff's claim that the Simmonses misdated a letter they sent to him in order to deceive Judge Powell and the Bar also fails to rise to the level of "state action" under § 1983.  Because the complaint fails to allege an essential element of a claim under 42 U.S.C. § 1983, it must be dismissed with regard to the Simmonses.

Although defendant Smith has not filed a motion to dismiss in this case, the court

_____

[2]In fact, the complaint repeatedly asserts that the Simmonses tried to "defraud" Judge Powell into ruling against the plaintiff.  Therefore, the plaintiff's claim in his response brief that Judge Powell was conspiring with the Simmonses and Smith to deprive the plaintiff of a property interest is belied by the complaint itself.

nonetheless exercises its authority to <u>sua sponte</u> dismiss the complaint against him for failure to state a claim for which relief can be granted.  <u>See</u> <u>Erline Co. S.A. v. Johnson</u>, 440 F.3d 648, 655 n.10 (4th Cir. 2006) ("Where the face of a complaint plainly fails to state a claim for relief, a district court has 'no discretion' but to dismiss it.") (citing 5A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1357 (2d ed. 1990)).  <u>See also</u> <u>Wachtler v. County of Herkimer</u>, 35 F.3d 77, 82 (2d Cir. 1994) (noting that, where the plaintiff is given an opportunity to be heard on the issue of dismissal, and where it was clear that the plaintiff could not succeed against a defendant, it was appropriate for the court to dismiss that defendant <u>sua sponte</u>).  The plaintiff's claim against Smith suffers from the same defect as against the Simmonses: it fails to allege that Smith acted under color of state law.  Because "the face of [the] complaint plainly fails to state a claim for relief" against Smith, the court will dismiss it <u>sua sponte</u>.

D.  <u>Res Judicata</u> and Collateral Estoppel by the Simmonses

The Simmonses argue that the plaintiff has already litigated his claims against them, and therefore he is barred by the doctrines of <u>res judicata</u> and/or collateral estoppel.  Virginia law holds that "[t]he doctrine of res judicata precludes parties from relitigating the same cause of action when a valid, final judgment was previously entered."  <u>Scales v. Lewis</u>, 261 Va. 379, 382 (2001).  In order to successfully raise a <u>res judicata</u> defense, a party must establish: (1) "identity of the remedy sought;" (2) "identity of the cause of action;" (3) "identity of the parties;" and (4) "identity of the quality of the persons for or against whom the claim is made."  <u>Davis v. Marshall Homes, Inc.</u>, 265 Va. 159, 164 (2003).  "For the purposes of res judicata, a cause of action may be defined broadly as an assertion of particular legal rights which have arisen out of a definable factual transaction."  <u>Allstar Towing, Inc. v. City of Alexandria</u>, 231 Va. 421, 425 (1986)

(internal quotation omitted).  Collateral estoppel applies to bar issues that have been previously litigated in–and were necessary to–a prior judgment.  "The doctrine of collateral estoppel precludes the same parties to a prior proceeding from litigating in a later proceeding any issue of fact that actually was litigated and was essential to the final judgment in the first proceeding." Whitley v. Commonwealth, 260 Va. 482, 489 (2000).  The doctrine applies where the parties in the two proceedings are the same, the factual issue sought to be litigated was actually litigated in the prior hearing, the factual issue was essential to the judgment rendered in the prior proceeding, and the prior proceeding resulted in a valid, final judgment against the party to whom the doctrine is sought to be applied.  Id.

The Simmonses claim that the plaintiff litigated the claims in the Williamsburg and James City County Circuit Court in a two-day trial on May 9-10, 2005.  In that case, the court requested that the parties submit briefs on the legal issues presented during the trial, and after the submission of such briefs, issued a ruling denying the plaintiff's claims on all counts.  See Exhibit 7 to Simmonses' Motion to Dismiss.  The Simmonses note that the plaintiff's allegations are "virtually the same as those now presented."  However, the court's one page opinion in that case simply denies the plaintiff's claim for defamation.  Because the cause of action in this case is not one for defamation, this court cannot find that the plaintiff's claim against the Simmonses is barred by res judicata.  It is additionally not clear from the court's opinion that collateral estoppel should bar the plaintiff's claim against the Simmonses.  However, because the plaintiff's claim is barred by the statute of limitations, it is nonetheless subject to dismissal.

E.  Collateral Estoppel by the Bar

The Bar further alleges that collateral estoppel precludes the plaintiff's claim against it,

10

because these actual issues were litigated when the plaintiff's law license was revoked.  At that occasion, the Bar was a party to the disciplinary proceeding, and to the subsequent appeal that the plaintiff filed, and the basic facts of this lawsuit were at issue in that case as well.  Essential to the judgment of that proceeding was the determination that the plaintiff had breached certain ethical duties, and the result was a valid, final judgment that stripped the plaintiff of his right to practice law in Virginia, the very right that the plaintiff seeks to regain through this suit.  It is clear that the plaintiff, who appealed that decision but did not timely file an appeal brief, is subject to the final decision of the order of revocation filed on September 23, 2003.  His proper course of action was an appeal, which he failed to prosecute and was dismissed on March 15, 2004.  Therefore, the plaintiff's efforts to collaterally attack that determination in this action is clearly barred by the doctrine of collateral estoppel.

IV.  Conclusion

Because the plaintiff has failed to bring this action within the limitations period required under 42 U.S.C. § 1983, the court **GRANTS** both the Simmonses' and the Bar's motions to dismiss, and the plaintiff's claim against them is **DISMISSED**.  Further, the court notes that the plaintiff's claim against the Bar is barred by the Eleventh Amendment and by the doctrine of collateral estoppel.  The court also **DISMISSES**, sua sponte, the claim against Smith.  Therefore, this case is **DISMISSED.**

The court **ADVISES** the pro se plaintiff that he may appeal from this Order within thirty (30) days of the date of this Order by forwarding a written notice of appeal to the Clerk of the United States District court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510.

The Clerk is **REQUESTED** to send a copy of this Order to the pro se plaintiff, to counsel of record for the defendants, and to the pro se defendant Michael Smith.

It is so **ORDERED**.

_____ /s/ _____
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

July 2, 2007
Norfolk, Virginia