**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**GEORGE R. LEACH,**

      **Plaintiff,**

**v.**                                                                                                           **Civil Action No. 4:06cv155**

**MICHAEL STEPHEN SMITH,**

**JAMES L. SIMMONS,**

**MARLENE L. SIMMONS,**

**and**

**VIRGINIA STATE BAR,**

      **Defendants.**

## ORDER AND OPINION

Currently before the court is the motion for sanctions filed by the defendants James L. Simmons and Marlene L. Simmons ("the Simmonses"). The Simmonses seek to recover attorney's fees from the plaintiff pursuant to FED. R. CIV. P. 11, and they also request that the court enjoin the plaintiff from filing further lawsuits against them without the permission of the court. After examination of the briefs and the record, this court determines that oral argument is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. For the reasons stated herein, the court **DENIES** the Simmonses' motion for sanctions.

The plaintiff has also filed a Motion to Amend Complaint, which was filed after the court

1

granted the defendants' motions to dismiss and dismissed the case. Although a motion to dismiss is not considered a responsive pleading within the meaning of Federal Rule of Civil Procedure 15(a), an amendment is not permitted as a matter of right after the case has already been dismissed. Sachs v. Snider, 631 F.2d 350, 351 (4th Cir. 1980). Therefore, the plaintiff's motion to amend his complaint is **DENIED.**

I.  Background

The factual and procedural history of this case is more fully set out in this court's order of July 2, 2007, dismissing the plaintiff's claim against the Simmonses and the other defendants. After the plaintiff was disciplined by the defendant Virginia State Bar and therefore had his license to practice law revoked, he began a series of lawsuits against some or all of the defendants in an apparent attempt to vindicate his actions that led to disbarment. This included a claim he made on the estate of the Simmonses' son for unpaid fees for his earlier representation of their son, which was denied on December 10, 2003. The plaintiff then filed a motion to vacate the order that closed the estate and a petition for a writ of prohibition, which were dismissed by the Virginia Supreme Court.

Next, the plaintiff filed two claims in state court that were consolidated and tried in May of 2005, resulting in a verdict against the plaintiff on all the counts of his complaint. The plaintiff petitioned the Supreme Court of Virginia for appeal, but was denied, and his motion for reconsideration was similarly denied. Finally, the plaintiff filed the instant action in this case, alleging that the defendants had conspired to deprive him of his law license. This court dismissed the claim because, inter alia, the statute of limitations had expired, and the plaintiff had failed to make a proper claim under 42 U.S.C. § 1983 against the Simmonses.

Prior to this court's dismissal order, the Simmonses filed the instant motion for sanctions, claiming that the plaintiff's repeated attempts to regain his license to practice law have collaterally involved them and caused them significant expenses in defending what they consider to be baseless lawsuits. According to the certificate of service, it appears that the Simmonses have complied with the "safe harbor" provisions of Rule 11, which require that a party who is seeking sanctions against another party serve the opposing party with a copy of the motion for sanctions at least twenty-one days prior to filing the motion with the court. See, e.g., Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 388-89 (4th Cir. 2004). The certificate of service is dated May 4, 2007, and the motion itself was filed with the court on May 31, 2007.

The plaintiff filed a response brief on June 7, 2007, in which he continued to assert the truth of the allegations in his complaint and asserted that the instant litigation was not frivolous. The Simmonses did not file a reply brief, and, in the interim, the court granted their motion to dismiss the plaintiff's claim against them. Although the case has been dismissed, the court must still consider the Simmonses' motion for sanctions, because it was filed before the final disposition in the case. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990).

II. Standard of Review

Rule 11 requires that an attorney or pro se litigant conduct a reasonable investigation of the factual and legal basis for his claim before filing. See Brubaker v. City of Richmond, 943 F.2d 1363, 1373 (4th Cir. 1991). "In evaluating the reasonableness of the investigation, it must be remembered that Rule 11 is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Id. (internal quotation omitted). The type of pre-filing factual investigation required by Rule 11 must be reasonable, and therefore must uncover some

information to support the allegations in the complaint. "A complaint containing allegations unsupported by any information obtained prior to filing violates the required prefiling factual investigation. . . . A prefiling investigation of the law will not pass muster under Rule 11 where the complaint has 'absolutely no chance of success under the existing precedent.'" Id. (emphasis in original) (quoting Cleveland Demolition Co. v. Azcon Scrap Corp., 827 F.2d 984, 987 (4th Cir. 1987)).

Although "inexperienced or incompetent attorneys are not held to a lesser standard under Rule 11," id., the court may consider the special circumstances surrounding pro se litigants in determining whether sanctions are appropriate. See, e.g., Maduakolam v. Columbia University, 866 F.2d 53, 56 (2d Cir. 1989). "Familiar with the issues and litigants, the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 402 (1990). The Fourth Circuit applies an abuse of discretion standard in reviewing all aspect's of a district court's Rule 11 determination. Stevens v. Lawyers Mut. Liab. Ins. Co. of N.C., 789 F.2d 1056, 1060 (4th Cir. 1986).

III. Analysis

In the instant case, the Simmonses seek recovery of their attorney's fees expended in defense of this action, which was dismissed as against them on the basis of a statute of limitations defense and the plaintiff's failure to allege sufficient facts to demonstrate that the Simmonses had acted under color of state law, as required by 42 U.S.C. § 1983. Because the record conclusively demonstrates that the plaintiff's claims were not brought for an improper purpose and had some support in fact and law, the court has determined that Rule 11 sanctions

are not appropriate in this case.

Although the court found that the plaintiff's section 1983 claim was time-barred, see Order and Opinion of July 2, 2007 at 5, the plaintiff made a good-faith argument that the statute of limitations governing his claim was actually five years, because the underlying facts involved the allegation that he was deprived of a property interest in his law license.  Though the court rejected this argument, it cannot say that the plaintiff had no basis for making such an argument, as section 1983 claims are governed by applicable state law statutes of limitations.  In this case, however, the court found that the appropriate limitations period is that for personal injury, which in Virginia is two years.  The plaintiff's claim that a different limitations period should apply, therefore, cannot be the basis for assessing the Simmonses' attorney's fees against him under Rule 11.

The court also dismissed the case against the Simmonses because the plaintiff had failed to state a claim for relief under section 1983 against them.  Specifically, he had failed to allege that the Simmonses had acted under color of state law, as required to make out a claim for a violation of 42 U.S.C. § 1983.  See Order and Opinion of July 2, 2007 at 7-8.  Again, although the plaintiff was unsuccessful in defeating the Simmonses' motion to dismiss on this issue, the court does not believe that his actions were brought for any purpose that may be sanctionable under Rule 11.  Indeed, in dismissing his claim, the court did not address the merits of the complaint, but instead found that it was time-barred and that it failed to properly allege a section 1983 violation.  Therefore, Rule 11 sanctions are not appropriate in this circumstance.

Although the Simmonses devote much of their brief in support of their Rule 11 motion to the argument that the plaintiff has been repeatedly dragging them into court over the same issue,

the procedural record before this court simply is not complete enough to demonstrate that the plaintiff's claim in the instant case was barred by principles of res judicata or collateral estoppel. Indeed, as the plaintiff points out in his response brief, the ruling by the state court after a two-day trial in 2005 was simply one page in length, and provided little detail into how the court resolved the numerous claims that the plaintiff had brought against, inter alia, the Simmonses in that case. Therefore, this court did not find that res judicata or collateral estoppel were applicable to the plaintiff's claim against the Simmonses in this case, and thus, it would be improper to base Rule 11 sanctions on those theories.[1]

IV. Conclusion

To be certain, the plaintiff's claim in the instant case was indeed dismissed and continues to be barred by the statute of limitations for section 1983 claims. Further, as indicated supra, the plaintiff is not permitted to amend his complaint as of right after it has been dismissed. See Sachs v. Snider, 631 F.2d 350, 351 (4th Cir. 1980). However, the Simmonses have not demonstrated that Rule 11 sanctions are appropriate, and the court has found that, although his claim was dismissed, the plaintiff was not proceeding with bad faith or improper motive, and had some basis in fact and law for filing the lawsuit. Therefore, the Simmonses are not entitled to

---

[1] The court notes that, even were Rule 11 sanctions appropriate, the plaintiff appears unable to pay all but a token amount of what would be taxed against him. See In re Kuntskler, 914 F.2d 505, 523 (4th Cir. 1990) (noting that a district court should consider, inter alia, the ability of the sanctioned party to pay). During the course of another case that the plaintiff was pursuing before this court, the court received financial information from the plaintiff which indicated a small monthly income largely from Social Security disability benefits and expenses that equal his monthly income, with no significant savings or assets. Therefore, it would appear that he is unable to satisfy any sanction that would be taxed against him, as, although he formerly was engaged in the practice of law, he is without a law license and has been unable to maintain steady employment.

recover attorney's fees under Rule 11, and are not entitled to an injunction preventing the plaintiff from filing further claims against them without leave of court. The court advises the plaintiff, however, that should he continue to file lawsuits raising the same issue in this court, this court will reconsider the possibility of imposing sanctions and a pre-filing injunction against him.

The Simmonses' motion for sanctions is therefore **DENIED.** The plaintiff's motion to amend his complaint is also **DENIED.**

The court **ADVISES** the pro se plaintiff that he may appeal from this Order within thirty (30) days of the date of this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510.

The Clerk is **REQUESTED** to send a copy of this Order to the pro se plaintiff, to counsel of record for the defendants, and to the pro se defendant Michael Smith.

**IT IS SO ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 25, 2007